## N. Y. COMMON PLEAS.

### JOHN C. STRUVE agt. CARSTEN DROGE.

*Trespass — Damages for, in case of supposable fire — Rule of damages in such case.*

In a case of public necessity to prevent the spreading of a fire any individual may demolish a building without being responsible in trespass or otherwise.

If, however, such public necessity does not exist, and in point of fact there is no need of the destruction, the person who commits the act is responsible in damages.

But see *The People* agt. *Shorter* (2 *N. Y.*, 193).

*General Term, November,* 1881.

APPEAL from a judgment of a district court in the city of New York, in favor of the defendant and against the plaintiff, dismissing the complaint, with ten dollars costs.

The action was for trespass and damages. Plaintiff was a fresco painter and defendant was his landlord and occupied adjacent apartments to those of the plaintiff. On the day in question he left his premises as usual in the morning, closed the window and locked the door, leaving his sketches, drawings and materials in his rooms. Upon his return in the evening he found one of his doors had been broken open and

his property damaged to the extent of ninety-five dollars and seventy cents. Defendant noticed smoke in front of plaintiff's window; he knocked at plaintiff's door, there was no response; he then forced open a side door and went in, he saw there was no fire and left. It turned out that the smoke came from a neighboring chimney. The justice in rendering judgment for the defendant said: "I find from the evidence that is before me that the defendant broke open the plaintiff's door; that he committed the damage alleged; that there was an appearance of fire in the plaintiff's apartments from which apartments plaintiff was then absent; that defendant believed the premises were on fire; that his motive in breaking open the door was to subdue the fire and protect his own property as well as of the plaintiff's; that such act was lawful and justifiable; that the damage committed was accidental and with no intent to perpetrate a wrong, but followed the opening of the door; that the breaking open of the door was justifiable in law."

*George F. & J. C. Julius Langbein* made and argued the following points on behalf of the plaintiff, appellant:

I. The law makes no distinction in actions of this character as to whether the defendant's act was intentional or not. The intent, belief and motive makes no difference as regards the liability; that question only arises as to the measure of damages. Trespass lies if the act of the defendant causes injury whether the act be intentional or not (*Percival* agt. *Hickey,* 18 *Johns.,* 257; *Guille* agt. *Swan,* 19 *Johns.,* 381; *Castle* agt. *Duryee,* 41 *N. Y.,* 169; *Dygert* agt. *Bradley,* 8 *Wend.,* 469; *Vanderburg* agt. *Truax,* 4 *Denio,* 465).

II. The entry by the defendant on the premises of the plaintiff and breaking open his door was in law a trespass. Every unlawful entry upon the premises of another is a trespass for which he is liable even though no damages are shown; and whether the owner suffers much or little he is entitled to recover some damages (*Dixon* agt. *Clow,* 24 *Wend.,* 188;

*Stewart* agt. *Wells*, 6 *Barb.*, 79; *Sedg. on Dam.*, *p.* 133; *Shannon* agt. *Burr*, 1 *Hilt.*, 40; *Parker* agt. *Griswold*, 17 *Conn.*, 288; *Blake* agt. *Jerome*, 14 *N. J.*, 406; *Browne on Actions at Law*, *p.* 369).

III. Even though the entry by the defendant upon the premises of the plaintiff was committed under an honest though mistaken belief, he is still liable in trespass. The rule is that if the injury be occasioned by an unavoidable accident, no action will lie for it, but if any blame is imputable to the defendant, though he had no intention to injure the plaintiff or any other person, he is liable for the damages sustained (*Dykert* agt. *Bradley*, *supra;* *Weaver* agt. *Ward*, 1 *Hobert*, 134; *Learne* agt. *Bray*, 3 *East*, 593; *Wakeman* agt. *Robinson*, 1 *Bingham*, 213; *Percival* agt. *Hickey*, *supra;* *Bullock* agt. *Babcock*, 3 *Wend.*, 391; *Center* agt. *Finney*, 17 *Barb.*, 99; *Vincent* agt. *Stinehorn*, 7 *Vermont*, 64; *Brower* agt. *Neal*, 36 *Maine*, 407; *Waterman on Trespass*, *vol.* 1, *sec.* 2; *Alaback* agt. *Utt*, 51 *N. Y.*, 651).

IV. The defendant having committed a trespass under an honest mistake, without any intention of injuring the plaintiff's property, is still liable for the actual damages committed. For an involuntary trespass or one committed under an honest mistake without intent to injure, the damages should be confined strictly to compensation for the injury sustained; and in estimating the amount of such damages all the particulars wherein the plaintiff is aggrieved may be considered, whether of pecuniary loss, pain, insult or inconvenience. But unless the trespass is willful or committed in reckless or wanton disregard of another's rights or accompanied by circumstances showing malice or a corrupt motive, vindictive or exemplary damages should not be given (*Ives* agt. *Humphrey*, 1 *E. D. Smith*, 197; *Shanna* agt. *Burr*, 1 *Hilton*, 41; *Lane* agt. *Wilcox*, 55 *Barb.*, 618; *Walrath* agt. *Redfield*, 11 *Barb.*, 368; *Worth* agt. *McDonald*, 47 *Barb.*, 535; *Armstrong* agt. *Percy*, 5 *Wend.*, 535; *Crane* agt. *Peters*, 6 *Hill*, 522; *Downer* agt. *Madison Co. Bank*, 6 *Hill*, 648).

*G. S. Van Pelt* made and argued the following points on behalf of the defendant, respondent:

I. The fact being settled that the defendant had good reasons to believe there was a fire in plaintiff's room, and that he acted without malice or intent to injure the plaintiff, he was justified in breaking open the door; nay, it was his duty to do so, in the absence of the occupant. He was the landlord of the whole house, and was obliged to protect his own and his tenant's property as far as he was able. It is a very ancient rule of the common law that an entry upon land to save goods which are in jeopardy of being lost or destroyed by water, fire or any like danger is not a trespass (*Proctor* agt. *Adams*, 113 *Mass.*, 376).

II. The defendant had a right to protect his property by the acts done. A trespass is an unjustifiable interference with intent to injure plaintiff, and such must be shown to sustain this action of trespass (*Mahan* agt. *Brown*, 13 *Wend.*, 261).

III. The defendant had a reversionary right to the premises occupied by the plaintiff, and therefore he had a legal right to enter to prevent damage by fire (*Phelps* agt. *Nowlen*, 72 *N. Y.*, 39).

IV. The rule of *damnum absque injuria* applies to this case, and therefore cannot be the ground of an action.

VAN HOESEN, *J.* — The plaintiff's rooms were not on fire, though the defendant supposed they were. (The defendant, who occupied adjacent apartments, broke into the plaintiff's room, and in doing so committed some damage, to recover for which this action is brought.) The sole question is, is he liable? The law seems to be this, that in a case of public necessity, to prevent the spreading of a fire, any individual may demolish a building without being responsible. in trespass or otherwise. If, however, such public necessity does not exist, and in point of fact there is no need of the destruction, the person who commits the act is responsible in

Struve agt. Droge.

damages (*Addison on Torts* [*Dudley & Baylis'* ed.], *p.* 1306).

In the *Mayor of New York* agt. *Lord* (18 *Wend.*, 132) chancellor WALWORTH said " that when it became necessary to destroy the property of an individual to prevent the ravages of a fire, the persons who did the destructions were protected from personal responsibility where they could show that the destruction of the property was necessary to produce the effect, but that they were, by the common law, bound at their peril to decide correctly as to such necessity to protect themselves from liability to make good the loss."

In *Taylor* agt. *Plymouth* (8 *Metc.*, 462) chief Justice SHAW uses language of the same import. If this be the law, it follows that the judgment of the district court must be reversed. I am aware that an argument may be framed to support the proposition that the person who does the injury should be protected if he breaks into a house under such circumstances that a jury could say he had good and reasonable ground for believing that there was a fire in it likely to get headway to adjoining property, even though it might afterward appear that there was in fact no fire, and that he had been deceived by appearance. Such an argument might possibly find some support in the case of the *People* agt. *Shorter* (2 *N. Y.*, 193).

Judgment reversed.

JOSEPH F. DALY, J., concurred.